IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. RDB-16-0087 |
| KEVIN REYNOLDS | * | |

* * * * * * * * * * * * *

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE SEIZED IN CONNECTION WITH SEARCH WARRANT FOR 1420 PENNSYLVANIA AVENUE

The defendant, Kevin Reynolds, through his attorney, Michael D. DeMartin, hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any tangible and derivative evidence seized in connection with the search warrant executed on December 23, 2016 at 1420 Pennsylvania Avenue, Apartment 102, Baltimore, Maryland 21217. As grounds therefore, he states the following:

1. The defendant, Kevin Reynolds, is charged with conspiracy to commit a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a).

2. According to discovery materials, a search warrant for the premises located at 1420 Pennsylvania Avenue, Apartment 102, Baltimore, Maryland 21217, was issued on December 22, 2016 and executed on December 23, 2016. The warrant was issued without probable cause and in violation of Mr. Reynolds' rights under the Fourth Amendment to the United States Constitution.

3. The defendant has standing to contest the search and seizure of evidence at his residence located at 1420 Pennsylvania Avenue, Apartment 102 , *see Rakas v. Illinois,* 439 U.S. 128 (1978).

–1–

4. The search warrant was issued in violation of the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"); *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officers demonstrate "fair probability" that evidence of crime will be found at particular place); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

5. Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted).

6. Because the defense's investigation of this case is incomplete, Mr. Reynolds reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under *Franks v. Delaware*, 438 U.S. 154 (1978).

**WHEREFORE**, Mr. Reynolds respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized in connection with search 1420 Pennsylvania Avenue, Apartment 102, Baltimore, Maryland 21217.

Respectfully submitted,

__/**S**/_____
Michael D. DeMartin
Law Office of Michael D. DeMartin, LLC
606 Baltimore Avenue, Suite 301
Towson, Maryland 21204
410-828-9000
Fed Bar ID# 22791

### REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Mr. Reynolds requests a hearing on this motion.

__/**S**/_____
Michael D. DeMartin

### CERTIFICATE OF SERVICE

I certify that on August 19, 2016 this Motion was electronically filed with the Clerk of the United States District Court using CM/ECF, with notice of said filing to AUSA Patricia McLane, counsel for the Government.

__/**S**/_____
Michael D. DeMartin