# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | CASE NO.: RDB-16-087 |
| MARCUS CURETON, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS

Marcus Cureton, by and through counsel, Teresa Whalen, and pursuant to Rule 41 of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution moves to suppress evidence seized pursuant to search warrants. In support of this request, Mr. Cureton states as follows:

A.     BACKGROUND.

Mr. Cureton and two co-defendants, William McFadden and Taeqwon Prater, are charged in Count One with Conspiracy to Commit Hobbs Act Robbery in violation of Title 18 U.S.C. Sec. 1951(a) and specific counts of Hobbs Act Robbery and the use of a firearm in relation to the robberies. Count Fourteen alleges a separate Conspiracy to Commit Hobbs Act Robbery in violation of Title 18 U.S.C. Sec. 1951(a) with Kevin Reynolds and specific counts of Hobbs Act Robbery and the use of a firearm in relation to the robberies. Finally, Count Seventeen alleges Mr. Cureton possessed a Firearm by a Prohibited Person in violation of Title 18 U.S.C. Sec. 922(g)(1).

The case is set for trial on March 20, 2017 and a motions hearing is set for February 6, 2017.

**B.     SEARCH AND SEIZURE**

1.     Mr. Cureton asserts in general that all articles of evidence taken from him by law enforcement authorities were obtained as the result of illegal searches and seizures in violation of his constitutional rights.

2.     More specifically, Mr. Cureton moves to suppress the search and seizure of items taken by law enforcement from his residence located at 1420 Pennsylvania Avenue, Apartment 102.  On December 23, 2015, members of the Federal Bureau of Investigation executed a search and seizure warrant at this location and seized phones, clothing, a firearm, along with other items.  In addition, law enforcement obtained and executed a search warrant and tracking warrant for cell phone (443) 416-0378 on or about December 18, 2015.  Mr. Cureton was arrested on December 23, 2015 after law enforcement learned his location based upon the tracking information.  The cell phone (443) 416-0378 was seized from his person at the arrest.  On December 30, 2015, an additional search warrant was obtained and later executed authorizing the extraction of the data from this cell phone.

3.     Mr. Cureton asserts the warrants fail to allege sufficient probable cause that evidence of a crime would be found within the apartment and cell phone or sufficient probable cause that his person or his whereabouts should have been tracked and searched.  The warrants fail to allege probable cause as defined in *Illinois v. Gates,* 462 U.S. 213 (1983), that is, such details that give rise to a fair probability that contraband or evidence of a crime will be found in a particular place.

4.     The warrants also fail to establish a sufficient nexus between alleged criminal conduct and the place to be searched.  Probable cause will not exist if the agent

can only point to a "bare suspicion" that criminal evidence will be found in the place searched. *See Brinegar v. United States*, 338 U.S. 160, 175 (1949). The Affiant had only a bare suspicion that anything of evidentiary value would be in the residence. See *United States v. Lalor,* 996 F.2d 1578, 1582-83 (4th Cir. 1993)(insufficient nexus between drug activity and the defendant's residence).

"It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment," *Payton v. New York*, 445 U.S. 573, 583 (1980). The Framers' horror of "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality op.), led them to include the Particularity Clause in the Fourth Amendment. This Clause requires that a warrant must "particularity describe the place to be searched and the persons or things to be seized." Agents are not to obtain "general warrants", but instead must conduct narrow seizures that attempt to "minimize[] unwarranted intrusions upon privacy." *Andresen v. Maryland*, 427 U.S. 463, 482 n.11 (1976).

5. The affidavit for the search and seizure warrants are based upon information obtained from the execution of earlier search and seizure warrants. The earlier warrants are lacking in sufficient probable cause and thus, the warrants rely upon tainted evidence and "fruit of the poisonous tree". Thus, the items seized from the apartment should be suppressed. *Mapp v. Ohio*, 367 U.S. 643 (1961).

WHEREFORE, Mr. Cureton respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the illegal search and seizures as listed above.

Respectfully submitted,

/s/_____
Teresa Whalen
801 Wayne Avenue, Ste. 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905
Federal Bar: 25245