IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | Criminal No. RDB-16-0087 |
| MARCUS CURETON, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

Defendants Marcus Cureton ("Cureton"), William McFadden ("McFadden"), Taeqwon Prater ("Prater"), and Kevin Reynolds ("Reynolds")[1] have been charged via a nineteen-count Indictment with Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1 & 14); Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Counts 2, 4, 6, 10, 12, 15 & 16); Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count 8); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Counts 3, 5, 7, 9, 11 & 13); Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 17, 18 & 19); and Aiding and Abetting, in violation of 18 U.S.C. § 2. Specifically, the Indictment charges *two separate conspiracies*: one involving Defendants Cureton, McFadden, and Prater, ending on or about November 22, 2015 (Count 1), the date of McFadden and Prater's arrest; and a second conspiracy involving Defendants Cureton and Reynolds, ending on or about

---

[1] Kevin Reynolds has subsequently pled guilty before this Court to Aiding and Abetting Hobbs Act Robbery (Count 16). *See* J., p. 1, ECF No. 104. On January 25, 2017, this Court sentenced Reynolds to 77 months imprisonment, with credit for time served in federal custody since June 15, 2016, followed by a period of three years supervised release. *Id.* at p. 2-3.

December 21, 2015 (Count 14).  Counts 2, 4, 6, 8, 10 & 12 charge individual robberies, and one attempted robbery, arising out of the first conspiracy.  Counts 15 & 16 charge two additional robberies, both arising out of the second conspiracy.

Currently pending before this Court is Defendant Marcus Cureton's Motion to Sever Counts (ECF No. 102), in which he requests that Counts 14, 15 & 16, those counts alleging his participation in the second conspiracy, be severed from Counts 1, 2, 3, 8 & 9, those counts alleging his participation in the first conspiracy.[2]  On February 28, 2017, this Court conducted a hearing on Cureton's pending Motion to Sever.  For the reasons stated on the record, and further explained herein, Cureton's Motion to Sever Counts (ECF No. 102) is GRANTED with respect to Counts 14, 15 & 16.

I. <u>Counts 14, 15 & 16 Are Severed From the Remaining Counts in this Case, and Cureton Shall Proceed to Trial on Counts 14, 15 & 16 Alone on March 20, 2017</u>

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[if] the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14.  Although Cureton verbally indicated at this Court's February 28, 2017 hearing that he wished to withdraw his pending Motion to Sever, the Supreme Court of the United States has observed in *United States v. Lane*, 474 U.S. 438, 449, n. 12 (1986) that District Judges have discretionary authority to sever counts or defendants to avoid prejudice to one party.  *Lane*, 474 U.S. at 449, n. 12 ("Rule 14 . . . provides the trial court with discretion to grant a severance" and is designed "to provide the

---

[2] Cureton also requests that Count 17 be severed "from all counts" and set in for a separate trial.  Mot., p. 1, ECF No. 102.  As discussed herein, all pending Motions remain pending as to those counts other than Counts 14, 15 & 16.  Accordingly, Cureton's Motion to Sever remains pending as to his request for severance of Count 17 from all other counts.

trial court with some flexibility when a joint trial may appear to risk prejudice to a party; review of that decision is for an abuse of discretion."). Additionally, the United States Court of Appeals for the Fourth Circuit has held in *United States v. McManus*, 23 F.3d 878, 882–83 (4th Cir. 1994) that "although [Rule 14] is silent as to the trial court's authority to grant a severance *sua sponte*, this power has been recognized." *McManus*, 23 F.3d at 882–83 (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).

As a general rule, "defendants indicted together should be tried together for the sake of judicial economy." *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir.), *cert. denied*, 506 U.S. 926 (1992). The United States Court of Appeals for the Fourth Circuit "ha[s] interpreted the latter two prongs of [Rule 8(a)] flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (noting that "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial"). Accordingly, the Fourth Circuit has routinely upheld joining defendants and offenses in related robbery charges. *See, e.g., United States v. Haney*, 914 F.2d 602, 605 (4th Cir. 1990) (holding that robberies were substantially similar in planning and execution to warrant joining codefendants' indictments for trial).

"Separate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme." *Id.* at 606 (quoting *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987), *cert. denied*, 485 U.S. 934 (1987)). However, "[t]here must be a series of acts unified by some substantial identity of facts or participants." *Id.* The Supreme Court of the United States has instructed district courts to grant severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial

3

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

On the record at this Court's February 28, 2017 hearing, Government counsel opposed severance of the second alleged conspiracy (Counts 14, 15 & 16) only on the grounds that Cureton had participated in both conspiracies. However, the participation of one person as the single unifying link between two conspiracies is not sufficient to support joinder of those conspiracies at trial. Additionally, as explained on the record, the prejudicial spillover effect of trying Cureton for both conspiracies outweighs the Government's concerns as to judicial economy.[3]

For these reasons, and for the reasons stated on the record, Defendant Marcus Cureton's Motion to Sever Counts (ECF No. 102) is GRANTED with respect to Counts 14, 15 & 16. Accordingly, Counts 14, 15 & 16 are severed from all remaining counts in this case. Cureton will proceed to trial in this Court on Counts 14, 15 & 16 alone on March 20, 2017, the previously scheduled trial date for all Defendants. A new trial date has yet to be scheduled as to the remaining Defendants and remaining counts in this case, including Counts 1, 2, 3, 8, 9 & 17 against Cureton. All pending motions remain pending with respect to those remaining counts.

II.     Marcus Cureton's Remaining Motions with Respect to Counts 14, 15 & 16 Alone

Following this Court's ruling on the record as to Defendant Cureton's Motion to Sever, this Court heard argument on Cureton's remaining pending motions as to Counts 14, 15 & 16 alone. For the reasons stated on the record, and with agreement of counsel,

---

[3] On the contrary, Cureton's counsel, Government counsel, and this Court are well prepared for a March 20, 2017 trial in this case. All Defendants were initially scheduled for trial on March 20, 2017. As discussed *infra*, a new trial date has not yet been set as to the remaining Defendants in this case.

Cureton's Motion to Adopt Motions Filed by Co-Defendants (ECF No. 47) is now MOOT with respect to Counts 14, 15 & 16.  Additionally, Cureton's Motion to Suppress Any Identifications Made of the Defendant, Any Statements Given by the Defendant to Police, and Any Items Seized by Police from the Defendant or from his Residence (ECF No. 46) remains pending as to Counts 14, 15 & 16, subject to clarification of the parties' positions.  Counsel indicated at this Court's hearing that they were prepared to rest on the pleadings as to Cureton's pending Motion to Suppress Evidence Seized Pursuant to Search Warrants (ECF No. 108) as to Counts 14, 15 & 16.  Accordingly, that Motion is held *sub curia* as to Counts 14, 15 & 16, pending this Court's issuance of a second Memorandum Order.

## **CONCLUSION**

For the reasons stated on the record at this Court's February 28, 2017 hearing, and further explained above, it is this 1st day of March, 2017, HEREBY ORDERED that:

1. Defendant Marcus Cureton's Motion to Sever Counts (ECF No. 102) is GRANTED with respect to Counts 14, 15 & 16.  Accordingly, Counts 14, 15 & 16 are severed from all remaining counts in this case;

2. Cureton will proceed to trial in this Court on Counts 14, 15 & 16 alone on March 20, 2017.  A new trial date has yet to be scheduled as to the remaining Defendants and remaining counts in this case, including Counts 1, 2, 3, 8, 9 & 17 against Cureton.  All pending motions remain pending with respect to those additional counts;

3. Cureton's Motion to Adopt Motions Filed by Co-Defendants (ECF No. 47) is now MOOT with respect to Counts 14, 15 & 16;

4. Cureton's Motion to Suppress Any Identifications Made of the Defendant, Any Statements Given by the Defendant to Police, and Any Items Seized by Police from the Defendant or from his Residence (ECF No. 46) remains pending as to Counts 14, 15 & 16, subject to clarification of the parties' positions;

5. Cureton's Motion to Suppress Evidence Seized Pursuant to Search Warrants (ECF No. 108) is held *sub curia* as to Counts 14, 15 & 16, pending this Court's issuance of a second Memorandum Order; and

6. Copies of this Memorandum Order shall be sent to Counsel of record.

\_\_\_/s/_____
Richard D. Bennett
United States District Judge